IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ERNEST "ERNIE" ROBERTS<br><br>    Plaintiff,<br><br>v.<br><br>HARLEY DAVIDSON FINANCIAL SERVICES, INC. d/b/a HARLEY-DAVIDSON CREDIT CORP., d/b/a EAGLEMARK SAVINGS BANK,<br><br>    Defendant. | CIVIL ACTION NO. 4:19-841 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1453, and 1711-1715, Defendant Harley Davidson Financial Services, Inc. ("HDFS") hereby removes this case from the Circuit Court of Jackson County Missouri, at Kansas City, to this Court. Jurisdiction is proper in this Court on the basis of the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715. In support of this Notice of Removal, HDFS states as follows:

### I.    FACTUAL AND PROCEDURAL BACKGROUND

1. On or about September 20, 2019, Plaintiff filed his Second Amended Class Petition in Case No. 1916-CV08518, *Ernest "Ernie" Roberts v. Harley-Davidson Financial Services, Inc.*, in the Circuit Court of Jackson County, Missouri, at Kansas City (the "State Court Action"). A copy of the Second Amended Class Petition is attached hereto as **Exhibit 1.**

2. That same day, HDFS was served with a copy of the Second Amended Class Petition in the State Court Action.

3. Plaintiff is a Missouri resident. Pet. ¶ 2.

4. HDFS is an Illinois corporation headquartered in Chicago, Illinois.

5. Plaintiff asserts claims against HDFS for violation of the Missouri Motor Vehicle Time Sales Act ("MVTSA"), violation of the Missouri Merchandising Practices Act ("MPA"), and for injunctive relief. *See* Pet. pp. 8-12.

6. Plaintiff seeks monetary relief for statutory damages, actual damages, and punitive damages. Pet. pp. 10-12, WHEREFORE Clauses. Plaintiff alleges he and the class members are entitled to actual damages and punitive damages pursuant to Sections 365.145, 408.562, and 407.025.1 of the Missouri Code, including any payments made on the loans in question, restitution of any finance charge so far collected, and monetary relief for any damage to credit. *Id.* at ¶¶ 56-58, 66. The finance charge on Plaintiff's loan is $17,145.84. *Id.* at ¶ 18, Ex. 1 (Plaintiff's Promissory Note and Security Agreement, "PNSA"). Moreover, Plaintiff has paid $31,689.78 on the loan. *See* **Exhibit 2,** Declaration of Connor Morze at ¶ 7. Accordingly, Plaintiff seeks minimum individual damages of $48,835.62.

7. Plaintiff also seeks pre- and post-judgment interest as well as an Order: "prohibiting Defendant from collecting, or seeking to collect, a Finance Charge delinquency, or collection charge from any Missouri consumer on a contract the same, or substantially similar to [Plaintiff's Contract]." Pet. ¶ 69.

8. Plaintiff seeks to represent a putative class of similarly situated Missouri residents. Pet. ¶ 28. The class is defined as "All persons residing in Missouri who purchased, or attempted to purchase, a motor vehicle from Defendant an installment contract or similar financing instrument using the same, or substantially similar, form as [Plaintiff's Contract] from March 19, 2014 to the present." *Id.* Plaintiff alleges the proposed class size is in the "hundreds, if not thousands." *Id.* at ¶ 31.

## II. BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

9. A class action may be removed under the Class Action Fairness Act ("CAFA") when: (1) there is minimal diversity (*i.e.*, the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant), 28 U.S.C. § 1332(d)(2); (2) there are at least 100 putative class members, 28 U.S.C. § 1332(d)(5)(B); (3) the amount in controversy based upon the class members' aggregate claims exceeds $5 million exclusive of interest and costs, 28 U.S.C. § 1332(d)(2); (4) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief, 28 U.S.C. § 1332(d)(5)(A); and (5) the 30-day deadline for removal is met, 28 U.S.C. § 1446(b).

10. <u>"Minimal Diversity" Exists.</u> "Minimal diversity" means that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). HDFS is an Illinois corporation with its principal place of business in Illinois. Plaintiff is a resident of Missouri. Pet. ¶ 2. Thus, minimal diversity exists between the parties.

11. <u>The Putative Class Action Consists of More Than 100 Members.</u> Plaintiff asserts that there are "hundreds, if not thousands" of members of the putative class. *Id.* at ¶ 31. Based on HDFS' preliminary investigation of the putative class, the putative class as alleged includes in excess of at least 200 customers. See **Exhibit 2**, Declaration of Connor Morze at ¶ 5.

12. <u>As Alleged, the Aggregate Amount in Controversy Exceeds $5,000,000.</u> Based on HDFS' preliminary investigation of the putative class, the class as alleged includes in excess of 200 customers. *See id*. If Plaintiff's claim is at all typical of the claims of absent class members, as Plaintiff alleges, Pet. ¶ 33, then the amount in controversy is clearly met. Plaintiff claims entitlement to at least $48,835.62. Pet. ¶ 18, Ex. 1. If the class consists of at least 200 members, and Plaintiff prevails on his theory of damages, then the amount in controversy would easily

3

exceed $5 million.[1] *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 946 (8th Cir. 2012) (finding the threshold met based on the damages alleged in plaintiffs' petition multiplied by the alleged number of class members potentially harmed); *Wingo v. State Farm Fire & Cas. Co.*, No. 13-3097-CV-S-FJG, 2013 WL 3872199, at *2 (W.D. Mo. July 25, 2013) (undergoing the same type of calculation to find the amount in controversy was met where plaintiff claimed approximately $17,000 in damages and it was claimed there were at least 1,000 class members).

13. <u>Defendant Is Not a State or A State Official.</u> HDFS is not a state or state official.

14. <u>Removal is Timely.</u> HDFS removed this action within thirty (30) days of being served with the Second Amended Class Petition.

## III. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

15. This action has not previously been removed to federal court.

16. As noted, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3), which provides that such Notices "may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." HDFS filed this Notice of Removal within 30 days of September 20, 2019, the date on which HDFS was served with the Second Amended Class Petition. *See* Ex. 1. The Second Amended Class Petition was the first pleading from which it could be ascertained "that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3). Accordingly, this action is being removed within 30 days of the first date after the receipt by HDFS of service of any paper giving it notice that the action was removable.

17. Notice has been sent to the state court regarding removal of this action.

---

[1] HDFS does not concede and reserves the right to challenge Plaintiff's theory of liability and damages.

18. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, and orders served upon HDFS in the State Court Action are attached hereto as **Exhibit 3**.

19. Venue is proper in this Court. Pursuant to 28 U.S.C. §1441(a), removal to this Court is appropriate because it is the "district court of the United States for the district and division embracing the place where [this] action is pending."

20. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by HDFS of any fact, of any validity or merits of any of Plaintiff's claims, causes of action, theory of damages, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of HDFS' rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. HDFS expressly reserves the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

WHEREFORE, HDFS hereby removes the above-captioned action now pending in State Court to this United States District Court.

Dated: October 18, 2019  Respectfully submitted,

/s/ *R. Kent Warren*
R. Kent Warren (59567)
MCGUIREWOODS LLP
Fifth Third Center
201 North Tryon Street
Suite 3000
Charlotte, NC 28202
kwarren@mcguirewoods.com

*Counsel for Defendant*
*Harley Davidson Financial Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of October, 2019, a true and correct copy of the forgoing was served via U.S. Mail and electronic mail on the following:

Gina Marie Chiala
Consumer Law Advocates
4047 Central St.
Kansas City, 64111

Mark W. Schmitz
Bryce B. Bell
Bell Law, LLC
2600 Grand Blvd., Ste. 580
Kansas City, Missouri 64108

*Attorneys for Plaintiff Ernest Roberts*

/s/ R. Kent Warren
R. Kent Warren
MCGUIREWOODS LLP
*Counsel for Defendant*
*Harley Davidson Financial Services, Inc.*